IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00504-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JONATHAN THOMAS FRICKS,

    Defendant.
_____

## ORDER
_____

The matters before the Court are defendant Johnathan Fricks's motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive application of Amendment 821 to the United States Sentencing Commission Guidelines Manual ("Sentencing Guidelines"), Docket Nos. 43, 46, and Mr. Fricks's motions for a sentence reduction based on Amendment 782 to the Sentencing Guidelines.  Docket Nos. 48, 51.

On June 8, 2015, Mr. Fricks pled guilty to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Docket Nos. 26, 27.  On September 22, 2015, the Court sentenced Mr. Fricks to 170 months imprisonment followed by four years of supervised release.  Docket Nos. 39, 41.  At sentencing, the Court found the total offense level to be 25 and determined Mr. Fricks's Criminal History Category to be VI, which resulted in a sentencing range of 110 to 137 months imprisonment for Mr.

Fricks's possession of methamphetamine and a mandatory consecutive 60 months imprisonment for Mr. Fricks's possession of a firearm.  *See* Docket No. 37 at 6, 12, 17.  Mr. Fricks is currently incarcerated at FCI Victorville, a medium-security federal penitentiary in California.  *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/.  Mr. Fricks's projected release date is September 30, 2027.  *Id*.

On November 13, 2023, and again on February 20, 2024, Mr. Fricks filed pro se motions for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines.  Docket Nos. 43, 46.  On May 9, 2024, Mr. Fricks filed a pro se motion for a reduction in his sentence based on Amendments 782 to the Sentencing Guidelines.  Docket No. 48.  On June 24, 2024, Mr. Fricks filed a letter requesting that the Court consider his previous motion for a reduction in his sentence based on Amendments 782.  Docket No. 51.  The Court construes this letter as a supplemental motion for a sentence reduction based on Amendment 782.  The government filed a consolidated response opposing Mr. Fricks's motions on August 19, 2024.  Docket No. 54.

Generally, a federal court may not alter a term of imprisonment once it has been imposed.  *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c).  However, under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's sentence when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) "establishes a two-step inquiry."  *Dillon*, 560 U.S. at 826.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to

2

determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  Id. at 827.  "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  Id.

On November 1, 2014, the Sentencing Commission "amended the Sentencing Guidelines by issuing Amendment 782, which lowered the penalties for most drug offenses by reducing most offense levels on the USSG § 2D1.1 Drug Quantity table by two levels."  United States v. Toombs, 712 F. App'x 791, 793 (10th Cir. 2017) (unpublished) (citing U.S.S.G., Supp. to app. C., Amend. 782 (U.S. Sentencing Comm'n 2016)).  Mr. Fricks was sentenced on September 22, 2015, under Sentencing Guidelines that included the reduced offense levels pursuant to Amendment 782.  Mr. Fricks did not object to the Court's determination of his base offense level at the time of sentencing, and the Court finds that he is not entitled to any reduction in his sentence based on Amendment 782.

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offenders"), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses."  See U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023).  Before November 2023, the Sentencing Guidelines

assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *United States v. Espinoza-Pena*, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024) (citing U.S.S.G. § 4A1.1(d) (2022)). In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *Id.* In addition, a person with six or fewer criminal history points now receives no status points. *Id.* Amendment 821 applies retroactively. *Id.*; *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

Mr. Fricks maintains that Part A of Amendment 821 altered his sentencing guideline range by reducing his status points. *See* Docket No. 43 at 1; Docket No. 46 at 1. The government agrees that Amendment 821 applies to Mr. Fricks, but disputes that it alters his guideline range. Docket No. 54 at 2. The Court agrees that Mr. Fricks's total criminal history points have changed from 14 to 13 through the retroactive application of Amendment 821. Mr. Fricks received 12 criminal history points for offenses committed between 1995 and 2010. *See* Docket No. 37 at 6–12. He further received a two-level enhancement for committing the offense in this case while under a criminal justice sentence. *Id.* at 12. Amendment 821 modifies this two-level enhancement to a one-level enhancement, resulting in 13 total criminal history points. However, Mr. Fricks's Criminal History Category remains VI, which applies to defendants with 13 or more criminal history points. *See* U.S.S.G. ch. 5, pt. A (2023). Accordingly, Mr. Fricks's amended guideline range is 110 to 137 months. This is the

4

same guideline range that applied at sentencing. Accordingly, the Court finds that neither Amendment 782 nor Amendment 821 makes Mr. Fricks eligible for a reduction in his sentence.

For the foregoing reasons, it is

**ORDERED** that the Motion to Reduce Sentence pursuant to USSG Amendment 821 [Docket No. 43] is **DENIED**. It is further

**ORDERED** that the Petition for Reduction Under 18 U.S.C. 3582(c)(2) Amendment 821 Retroactive 2023 [Docket No. 46] is **DENIED**. It is further

**ORDERED** that the Petition for Reduction or Modification of Sentence Pursuant to 18 U.S.C. §3582(c)(2) Based on Retroactive Application of Amendment 782 to Sentencing Guidelines [Docket No. 48] is **DENIED**. It is further

**ORDERED** that the Letter Regarding 48 Petition for Reduction or Modification of Sentence Pursuant to 18 U.S.C. §3582(c)(2) Based on Retroactive Application of Amendment 782 to Sentencing Guidelines [Docket No. 51] is **DENIED**.

DATED September 3, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge